IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

REYNALDO GARCIA-
CARRASQUILLO,

   *Petitioner,*

   v.

UNITED STATES OF AMERICA,

   *Defendant.*

**CIVIL NO. 17-1166 (DRD)**
**(Criminal Case No. 13-300-02)**

**OPINION AND ORDER**

Pending before the Court is Reynaldo Garcia-Carrasquillo's (hereinafter "Petitioner" or "Garcia-Carrasquillo") *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Dkt No. 1). Respondent, the United States of America (hereinafter, the "Government") filed its respective response in opposition thereto. (Dkt. No. 21).

For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255*. (Dkt. No. 1)

### I.    FACTUAL BACKGROUND

As Petitioner waived the indictment, on May 23, 2013, a criminal information was entered charging Petitioner and a co-defendant with aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (b)(3), ("Count One"); use of a firearm during and in relation of a crime of violence (hereinafter "Count Two") in violation of 18 U.S.C. § 924 (c)(1)(A)(ii); and possession of a firearm in furtherance of a crime of violence (hereinafter "Count Three") in violation of 18 U.S.C. § 924 (c). *See* Crim No. 13-300-02 at Dkt. No. 3.

Petitioner pled guilty to Counts One and Three of the Information. *See* Crim No. 13-300-02 at Dkt. No. 20. Accordingly, on September 26, 2013, Petitioner was sentenced to thirty (30)

months of imprisonment as to Count One, and sixty (60) months of imprisonment as to Count Three to be served consecutively with each other for a total of ninety (90) months. *Id.* Upon release from imprisonment, the Petitioner would be on supervised release for a term of three (3) years as to Count One, and five (5) years as to Count Three, to be served concurrently with each other. *Id.*

On February 3, 2017, the Petitioner timely initiated the instant matter pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) claiming that the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015) (hereinafter, *Johnson II)* struck down for vagueness the residual clause of the Armed Career Criminal Act (hereinafter ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The same opinion invalidates the similarly worded residual clause of 18 U.S.C. § 924(c)(3)(B). *See* Dkt. No. 1. On September 18, 2018, the Government filed a *Response* (Dkt. No. 21) in opposition thereto, averring that the First Circuit has recently held that aiding and abetting a Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. *See United States v. García-Ortiz*, 904 F.3d 102 (2018).

## II. ANALYSIS

Under § 2255, a prisoner prevails on his motion to vacate, set aside, or correct a sentence if the petitioner proves one of the following: (i) "the sentence was imposed in violation of the Constitution or laws of the United States," (ii) "the court was without jurisdiction to impose such sentence," (iii) "the sentence was in excess of the maximum authorized by law," or (iv) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner's § 2255 action is based on his contention that (1) § 924(c)'s residual clause is unconstitutionally vague after *Johnson II*; and (2) that the crime of violence charged along with violations to §§ 924 (c) and (j), that is, aiding and abetting in interference with commerce by robbery resulting in fear of injury, fails to categorically qualify as a crime of violence under §924(c)'s force clause.

2

Petitioner relies on *Welch*, wherein the Court held that Johnson constitutes "a substantive decision and so has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *Johnson II*, in turn, held the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court found the residual clause left "grave uncertainty about how to estimate the risk posed by a crime" because it tied "the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2253. It also found the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2254. Petitioner sustains that these two holdings apply to his conviction under § 924(c) for aiding and abetting in the brandishing of a firearm in furtherance of a crime of violence.

Pursuant to Section 924(c), it is a crime for "any person, who during and in relation to any crime of violence . . . use[] or carr[y] a firearm, or who in furtherance of any such crime possesses a firearm[.]" 18 U.S.C. § 924(C)(1)(A). Further, Section § 924(c) defines a crime of violence under the force clause as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §924(c)(3)(A). The residual clause, in turn, defines a crime of violence as "that by its nature, involv[ing] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The First Circuit has recently held that aiding and abetting a Hobbs Act Robbery[1] is a crime of violence under § 924(c)'s force clause, while holding that an aider and abettor is punishable as

---

[1] "To assess whether a predicate crime qualifies as a 'crime of violence' under the force clause of § 924(c), 'we apply a categorical approach. That means we consider the elements of the crime of conviction, not the facts of how it was committed, and assess whether violent force is an element of the crime." *United States v. Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir 2018)(quoting *United States v. Taylor*, 848 F.3d 476, 491 (1st Cir.), *cert. denied*, ____ U.S. ____, 137 S. Ct. 2255, 198 L.Ed.2d 689 (2017).

3

a principal, and thus no different for purposes of the categorical approach than one who commits the substantive offense. *See United States v. García-Ortiz*, 904 F.3d 102 (2018). The First Circuit explained that the Hobbs Act robbery statute provides that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall [be fined or imprisoned.]

18 U.S.C. § 1951(a).

Moreover, the Hobbs Act Robbery statute, defines the term "robbery" as,

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, <u>by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property</u>, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

*Id.* § 1951(b)(1) (emphasis ours).

Here, Garcia-Carrasquillo and co-defendant, "aiding and abetting each other, entered First Cut Design Barber Shop in Barrio Obrero, Santurce, Puerto Rico, and by means of actual and threatened force, violence, and fear of injury to victims, the Petitioner threatened the persons inside the store with a firearm in order to commit the robbery. As a result of the robbery, the defendants unlawfully [took] approximately $185.00; therefore, they knowingly and willfully obstruct[ed], delay[ed], and affect[ed] commerce, as the term is defined in 18 U.S.C. § 1951(b)(3), and the movements of articles and commodities in such commerce, by robbery, as the term is defined in 18 U.S.C. § 1951(b)(1). **As a result of the incident, victims suffered bodily injuries that required medical treatment** (emphasis ours). Reynaldo Garcia-Carrasquillo, did knowingly possess a firearm, to wit, a Glock pistol, Model 19,9 mm caliber, from which the manufacturer's serial number had been removed, altered and obliterated in furtherance of a crime of violence for which he may be prosecuted in a Court of the United States, that is, Interference with Commerce

by Robbery. All in violation of 18 U.S.C. §924(c)." *See* Crim No. 13-300-02 Plea Agreement at Dkt. No. 6 at P.10.

After interpreting both statutory provisions, the First Circuit found that the Hobbs Act robbery, "even when based upon a threat of injury to property, requires a threat of the kind of force described in *Johnson I*, that is, "violent force ... capable of causing physical pain or injury." *Garcia- Ortiz*, 904 F.3d at 107. Therefore, it is the law in the First Circuit that the Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, such that a conviction for Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause.

Herein, the Petitioner pled guilty to Count One, interference with commerce by robbery pursuant to 18 U.S.C. § 1951, and Count Three, possession of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Crim No. 13-300-02 at Dkt. No. 20. Considering the First Circuit precedent establishing the Hobbs Act robbery categorically constitutes a "crime of violence" under the force clause of the ACCA, the Court **DENIES** Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. No. 1).

### III. CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner, Reynaldo Garcia-Carrasquillo's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 17-1166 (DRD) (Dkt. No. 1). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this \_\_\_ day of November, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge